### GEO. BALDWIN v. TOWN OF ARNETT.

No. A-1718.   Opinion Filed February 27, 1914.

(138 Pac. 822.)

1.   MUNICIPAL CORPORATIONS—Violation of Ordinance—Prosecution—Abatement.   When a prosecution is begun in a municipal court for the violation of any ordinance of the municipality, and the town council repeals or amends such ordinance so as to affect vitally the penalty imposed or offense designated, such prosecution abates with the change unless there be a saving clause in the substitute act.

2.   SAME.   The constitutional and statutory provisions reserving to the state the right to continue prosecutions under such conditions do not apply to municipalities.

*Appeal from County Court, Ellis County;*
*A. L. Squire, Judge.*

George Baldwin was convicted of violating an ordinance of the Town of Arnett and appeals. Reversed and remanded.

*C. B. Leedy,* for plaintiff in error.

*W. H. Springfield,* for defendant in error.

ARMSTRONG, P. J. This is an appeal from a judgment rendered in the county court of Ellis county on the 20th day of January, 1912, against the plaintiff in error upon a conviction based on a complaint charging a violation of an ordinance of the town of Arnett. There are a number of questions briefed and argued by counsel, only one of which we shall take occasion to discuss.

It appears that the complaint in this case was made on the 21st day of June, 1910, and was based upon an ordinance designated on the face of the complaint as No. 13, which ordinance undertook to designate and define certain acts as nuisances, and attached a punishment of 30 days' imprisonment and a fine of $25. Subsequent to the filing of said complaint, and prior to the trial of this case, the town council passed an ordinance purporting to amend ordinance No. 13, but which in fact is a substitute for it.

At the close of the testimony in this cause counsel for the accused offered the following instruction:

"The court instructs the jury that in this case the ordinance No. 13, under which defendant is being prosecuted, was amended by ordinance No. 25, passed and approved on the 28th day of June, 1911, and that such amendment to said ordinance supersedes ordinance No. 13, and that the defendant cannot be successfully prosecuted and convicted at this time, and you are hereby instructed to return a verdict of not guilty in this case."

The ordinance No. 13 prohibited absolutely the keeping of swine within the limits of the town of Arnett. Ordinance No. 25 regulated the keeping of such animals, and prescribed certain conditions under which they might be kept. The latter ordinance, at the time of its passage, did not retain a saving clause of any kind or character. It is therefore contended by counsel for plaintiff in error that this cause abated on the passage of the latter

ordinance, and the town's right to prosecute for any alleged violation thereof ceased.

The court refused to give the instruction or any instruction involving the same principle. We are of opinion that the instruction should have been given. The town of Arnett had no right to maintain this prosecution after the ordinance under which it was instituted had been repealed, in the absence of a saving clause authorizing the continuing of prosecutions already instituted, or the prosecution of infractions committed. The Constitution and statutes reserve this right to the state, but not to municipalities.

The judgment is reversed, and the cause remanded, with directions to dismiss.

DOYLE, J., concurs. FURMAN, J., absent and not participating.